# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX CICCOTELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ECHO GLOBAL LOGISTICS, INC., | ) |
| DOUGLAS R. WAGGONER, WILLIAM M. | ) |
| FARROW III, MATT FERGUSON, DAVID | ) |
| HABIGER, SAMUEL K. SKINNER, and | ) |
| VIRGINIA HENKELS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on September 10, 2021 (the "Proposed Transaction"), pursuant to which Echo Global Logistics, Inc. ("Echo" or the "Company") will be acquired by affiliates of The Jordan Company.

2. On September 9, 2021, Echo's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Einstein Midco, LLC and Einstein Merger Sub, Inc. Pursuant to the terms of the Merger Agreement, Echo's stockholders will receive $48.25 in cash for each share of Echo common stock they own.

3. On October 21, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Echo common stock.

9. Defendant Echo is a Delaware corporation and a party to the Merger Agreement. Echo's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "ECHO."

10. Defendant Douglas R. Waggoner is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant William M. Farrow III is a director of the Company.

12. Defendant Matt Ferguson is a director of the Company.

13. Defendant David Habiger is a director of the Company.

14. Defendant Samuel K. Skinner is a director of the Company.

15. Defendant Virginia Henkels is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17. Echo offers freight brokerage and Managed Transportation solutions for all major modes, including truckload, partial truckload, LTL, intermodal, and expedited.

18. Echo maintains a proprietary, web-based technology platform that compiles and analyzes data from its network of over 50,000 transportation providers to serve 35,000 clients across a wide range of industries and simplify the critical tasks involved in transportation management.

19. On September 9, 2021, Echo's Board caused the Company to enter into the Merger Agreement.

20. Pursuant to the terms of the Merger Agreement, Echo's stockholders will receive $48.25 in cash per share.

21. According to the press release announcing the Proposed Transaction:

Echo Global Logistics, Inc. (Nasdaq: ECHO) ("Echo"), a leading provider of technology-enabled transportation and supply chain management services, today

3

announced that it has entered into a definitive agreement to be acquired by funds managed by The Jordan Company, L.P. ("TJC"), a global private equity firm, for an equity value of approximately $1.3 billion. Through this transaction, Echo will become a private company which it expects will provide additional resources and greater flexibility to continue to build its technology and data science platform and enhance its value proposition to shippers and carriers. Additionally, the transaction will allow Echo to benefit from the operating capabilities, capital support and sector expertise of The Jordan Company.

Transaction Details

Under the terms of the agreement, Echo stockholders will receive $48.25 per share in cash, which represents a premium of approximately 54% over Echo's closing share price on September 9, 2021 and a premium of approximately 32% over Echo's all time high closing share price on September 10, 2018. Echo believes that the transaction provides its stockholders with an attractive premium that delivers immediate compelling value for their shares. The definitive agreement was unanimously approved by Echo's Board of Directors, which recommended that Echo's stockholders approve the agreement.

The acquisition is subject to customary closing conditions, including stockholder approval and the expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act. The transaction is expected to be completed in the fourth quarter of 2021. The closing is not subject to a financing condition. . . .

Advisors

Morgan Stanley & Co. LLC is serving as exclusive financial advisor to Echo, and Winston & Strawn LLP is serving as legal counsel to Echo. Citi is serving as financial advisor to TJC and Kirkland & Ellis LLP is serving as legal counsel to TJC. Credit Suisse AG and Citi will provide financing for the transaction.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

22. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

23. As set forth below, the Proxy Statement omits material information.

24. First, the Proxy Statement omits material information regarding the Company's financial projections.

25. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

26. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

28. With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values; (ii) the unlevered free cash flows used in the analysis and all underlying line items; and (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates.

29. With respect to Morgan Stanley's Discounted Equity Value Analysis, the Proxy Statement fails to disclose: (i) Morgan Stanley's basis for selecting the multiples used in the analysis; (ii) the individual inputs and assumptions underlying the discount rate.

30. With respect to Morgan Stanley's Relative Equity Research Analysts' Future Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rate.

31. With respect to Morgan Stanley's Illustrative Leveraged Buyout Analysis, the Proxy Statement fails to disclose: (i) Morgan Stanley's basis for selecting the multiples used in the analysis; and (ii) the individual inputs and assumptions underlying the internal rates of return.

32. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33. Third, the Proxy Statement fails to disclose the amount of compensation Morgan Stanley has received or will receive for providing financing services to "Buyer and certain of its affiliates."

34. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

35. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Echo**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Echo is liable as the issuer of these statements.

38. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

39. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

41. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

42. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Echo within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Echo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

48. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or

necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 25, 2021       **RIGRODSKY LAW, P.A.**

           By: */s/ Gina M. Serra*
             Seth D. Rigrodsky
             Timothy J. MacFall
             Gina M. Serra
             Vincent A. Licata
             825 East Gate Boulevard, Suite 300
             Garden City, NY 11530
             Telephone: (516) 683-3516
             Email: sdr@rl-legal.com
             Email: tjm@rl-legal.com
             Email: gms@rl-legal.com
             Email: vl@rl-legal.com

             *Attorneys for Plaintiff*